BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

SUSAN KNIGHT (CABN 209013)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5056
    FAX: (408) 535-5066
    E-Mail: Susan.Knight@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 15-00365 BLF |
|     Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
|   v. | Date: June 20, 2017 |
| NIMA KALBASI, | Time: 8:30 a.m. |
|     Defendant. | Court: Honorable Beth Labson Freeman |

## INTRODUCTION

Pursuant to Criminal Local Rule 32-5(b), the United States hereby submits its sentencing memorandum with respect to defendant Nima Kalbasi. On January 17, 2017, the defendant entered a guilty plea to Count Three of the Indictment charging him with misdemeanor computer intrusion, in violation of 18 U.S.C. § 1030(a)(2)(C).

The Probation Officer has recommended a sentence of five years' probation and a $25 special assessment. She does not recommend a fine because the defendant cannot afford one. The government requests that the Court impose a sentence of 6 months' home confinement as a special condition of 5 years of probation, and restitution to Tesla. The government concurs with the Probation Officer that the defendant does not have the ability to pay a fine and requests that the Court not impose one.

1

# DISCUSSION

## I.    The Legal Framework for Sentencing.

The Ninth Circuit has provided the courts with the basic framework for engaging in the sentencing process.  In *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008), the Court explained that "[t]he overarching statutory charge for a district court is to 'impose a sentence sufficient, but not greater than necessary' to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment.  18 U.S.C. § 3553(a) and (a)(2)."

The starting place in the sentencing process is the determination of the applicable sentencing guideline range. *Id*.  "While the Guidelines are to be respectfully considered, they are one factor among the § 3553(a) factors that are to be taken into account in arriving at an appropriate sentence." *Id.*  "The district court should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties." *Id.*  The district court "may not presume that the Guidelines range is reasonable," and "must an individualized determination based on the facts." *Id.*

As discussed below, the government has followed this framework in arriving at its sentencing recommendation in this case.

## II.   The Applicable Sentencing Guidelines.

### A.   The Guidelines Calculation.

The government has reviewed the Presentence Report ("PSR") and has no objection to the contents of the report.  The guideline calculation in the PSR is consistent with the Plea Agreement, and is as follows:

| | | |
|---|---|---|
| a. | Base Offense Level:<br>(U.S.S.G. § 2B1.1(a)(2)) | 6 |
| b. | Specific Offense Characteristic:<br>(U.S.S.G. § 2B1.1(b)(1)(D) – Loss more than $40,000 but less than $95,000) | +6 |
| c. | Acceptance of Responsibility: | -2 |
| d. | Adjusted Offense Level: | 10 |

PSR ¶¶ 16-24.

An adjusted offense level of 10, when indexed with Criminal History Category I, is in Zone B and results in an advisory guideline sentence of 6 to 12 months' imprisonment. Under U.S.S.G. § 5B1.1(a)(2), the defendant is eligible for a split sentence of home confinement and probation.

**III.     The Government's Sentencing Recommendation.**

After considering the Sentencing Guidelines and factors outlined in 18 U.S.C. § 3553(a), the government believes that a sentence of 6 months' home confinement as a special condition of 5 years of probation is appropriate and achieves the goals of sentencing.

The defendant committed a serious offense of obtaining his former supervisor's password to his Tesla work account, and then using the credential after he was terminated from Tesla to illegally accessing that account numerous times. The email account contained, among things, confidential employee evaluations and customer complaints. The defendant stole and disseminated four confidential employee evaluations to each of the four employees who were the subject of the evaluation. He also took customer complaints and posted them on a website located at "teslainsider.orgfree.com," a website that he operated.

Furthermore, the defendant posted a partial screenshot of a rendering of propriety Tesla Model-X Computer Aided Design (CAD) of an upcoming vehicle model on the aforementioned website. The partial image of the CAD rendering displayed a vehicle frame and headrests of two front rows of seats. He also shared the CAD rendering to individuals who requested it, shared two pictures of the Tesla Model X prototype with a friend and several family members, and posted multiple photographs of areas inside Tesla's Fremont manufacturing facilities on his website. His conduct demonstrated a complete disregard for Telsa's confidential information, and caused the company to spend a significant amount of money and employee time investigating the intrusion, which ultimately resulted in Tesla filing a civil lawsuit against the defendant in Canada.

In mitigation, aside from a traffic violation, this is the defendant's first criminal offense. He settled the civil suit with Tesla for $15,000 Canadian dollars and as a condition of the settlement, provided a sworn affidavit describing his conduct and agreeing to refrain from possessing, using, or disclosing confidential Tesla information. PSR ¶ 10. He has accepted responsibility for his offense by

traveling to the United States from Canada to deal with this case, and providing a lengthy statement to the Probation Officer acknowledging his wrongdoing. PSR ¶ 14.

In addition, the defendant has a compelling background leaving Iran when he was a teenager due to his brother's political activities and eventually settling in Canada with his family. PSR ¶¶ 34-3. He obtained a Bachelor of Applied Science from the University of Toronto in 2009, and held numerous high-paying jobs before and after he committed the instant offense. However, over the past few years, he has lost his job with five companies after they learned about this criminal offense. PSR ¶¶ 46, 48-58. He currently works as a handy man doing miscellaneous jobs such as shoveling snow and gardening. PSR ¶ 48. The collateral consequences of this case have been particularly hard on him and his family. The defendant cannot find suitable employment, his parents had to return to Iran because he could no longer afford the home that he provided for them, his relationships with his siblings has been strained, and his application to attend graduate school was revoked. PSR ¶ 14, 46.

Balancing the defendant's aggravated conduct with his personal circumstances, the government believes that a low-end sentence of 6 months' home confinement as a special condition of 5 years' probation is a reasonable sentence.[1]

## IV. The Court Should Order that the Defendant Pay Restitution for Investigative Costs.

The Mandatory Victim Restitution Act ("MVRA") states that courts "shall order" those convicted of certain crimes to "make restitution" to their victims. 18 U.S.C. § 3663A(a)(1). The Ninth Circuit has interpreted the MVRA to mean that those convicted of applicable crimes must pay restitution to any victim "directly and proximately harmed as a result of the commission of [the] offense." *United States v. Waknine*, 543 F.3d 546, 555 (9th Cir. 2008) (citing Section 3663A(a)(2)). The MVRA goes on to state that restitution orders "shall require" convicted defendants to pay restitution for offenses "resulting in damage to or loss or destruction of property of the victim," 18 U.S.C. § 3663A(b)(1), and to "reimburse the victim for lost income . . . and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." *Id.* §

---

1. The defendant currently resides in Canada, and according to the Probation Officer, will not be supervised unless he returns to the United States. One way the defendant could fulfill a period of home confinement is to reside with his brother in New York.

4

3663A(b)(4). The Ninth Circuit recently agreed with other circuits in holding that the language concerning "other expenses" cited above "authorizes the award of investigation and attorneys' fees in some instances." *United States v. Nosal*, 844 F.3d 1024, 1046 (9th Cir. 2016). Specifically, the Court explained that attorney's fees "must be the direct and foreseeable result of the defendant's conduct; must be reasonable, and "are only recoverable if incurred during *participation in* the investigation or prosecution of the offense." *Id.* at 1047-48 (emphasis added).

In the instant case, Tesla has requested restitution of $275,541.54 based on the following:[2]

| McCarthy Tetrault LLP | $153,087.19 |
| Ernst & Young Forensic Investigation | $66,205.02 |
| Polley Faith LLP (Independent Supervising Solicitor) | $50,440.00 |
| MKD International Inc. (Private Investigator) | $18,102.40 |

The government has reviewed Tesla's documentation, and in accordance with the guidance in *Nosal*, disagrees with Tesla's request for reimbursement for $153,087.19 and $50,440.00 in legal fees related to the civil lawsuit in Canada. However, the government believes that Tesla is entitled to reimbursement for the remaining costs, which involve the identification and investigation of the defendant as the individual responsible for the intrusion into the corporate email account and the dissemination of the confidential information, and the execution of a search warrant in Canada. The total is $84,307.42. However, as Tesla noted in their victim-witness statement, they did not include approximately 280 hours of employee time spent on the investigation. They are entitled to reimbursement for such costs, and the government has asked them to calculate the amount for the Court. The government will submit the additional information in a filing later this week.

The defendant claims that based on the Judgment between Tesla and the defendant in the Canadian litigation, Tesla is collaterally estopped rom seeking restitution for costs incurred during the Canadian civil case. *See* Def. Sent. Memo at 6. The Ninth Circuit has held in *United States v. Edwards* that "collateral estoppel applies only where it is established that (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding

---

2. Tesla deducted $15,000 (Canadian dollars) that it received from the defendant's civil settlement to arrive at the requested amount.

ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding." 595 F.3d 1004, 1012 (9th Cir. 2010). The defendant "bears the burden of showing with clarity and certainty what was determined by the prior judgment." *Id.* (internal citations omitted).

Although the underlying facts are identical in the civil and criminal cases, there are competing issues in the civil and criminal cases. In the civil case, the Statement of Claim recited the defendant's employment and confidentiality agreements, and provided a detailed explanation of how he violated those agreements. *See* Def. Sent. Memo., Exh. I at 5-7. In contrast, the issue in the criminal case was whether the defendant's conduct violated federal criminal law. Because there were different issues in each case, the defendant cannot meet the first element of the *Edwards* test. Accordingly, collateral estoppel does not apply and the Court is not barred from entering a restitution order.

## CONCLUSION

In full consideration of the defendant's history and characteristics, together with the other goals of sentencing, the government respectfully requests that the Court sentence the defendant to 6 months' home confinement as a special condition of 5 years' probation and $84,307.42 in restitution to Tesla. The government will submit a supplemental filing regarding Tesla's internal costs for the investigation. The Court is required to impose a $25.00 special assessment.

DATED: June 13, 2017

Respectfully submitted,

BRIAN J. STRETCH
United States Attorney

/s/
SUSAN KNIGHT
Assistant United States Attorney